ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Phyllis Weitzman

-against-

TD Bank, N.A.

**Complaint for a Civil Case**

CV 16 - 4844

Case No.

*(to be filled in by the Clerk's Office)*

Jury Trial: ☒ Yes ☐ No
*(check one)*

MAUSKOPF, J.

BLOOM, M.J.

2016 AUG 30 PM 12:47
FILED CLERK

## INTRODUCTION

1. This is an action brought by the Plaintiff to restrain the Defendants from breaking the privacy and confidentiality of Plaintiff's accounts and releasing information about the Plaintiff's accounts to third parties without any regards to the confidentiality and privacy of the information in violation of Federal laws.

2. On or about June 16, 2016, Defendant informed Plaintiff that a third party was requesting records held in the name of Plaintiff or co-account holders.

3. Furthermore, Defendant notified Plaintiff that unless Plaintiff was able to stop or quash the demand for the records, that the Defendant would move and provide such requested records to the third party as requested.

4. Accordingly, Plaintiff intends to stop Defendant, TD Bank N.A., intentions to release Plaintiff's private and confidential information to a third party, without requiring the third party to sign a confidential agreement.

5. This action does not challenge Defendant's practices or disclosures, except as to when they are in conflict with the promises and conditions expressly stated by TD Bank in their contracts with customers, specifically this action, does not challenge TD Bank's practice of authorizing release of private and confidential information, except as it relates to a practice of releasing information under circumstances that are in conflict and in breach of the terms of the contract with TD Bank without consent from its customers.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

2

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b)(2) because substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

9. Plaintiff Phyllis Weitzman is a resident of Queens, NY, and at all times relevant herein maintained her account(s) at a TD Bank branch located in New York. Plaintiff Weitzman may be injured as a result of TD Bank's release of her personal banking records.

10. Defendant TD Bank, NA is a foreign business corporation, organized and existing under the laws of Delaware with dual corporate headquarters in Cherry Hill, New Jersey and [1701 Route 70 East 08034] Portland, Maine. TD Bank conducts substantial business with approximately 1,300 branches and 1,900 ATM machines in the eastern states of New York, New Jersey, Connecticut, Delaware, Florida, Maine, Maryland, Massachusetts, New Hampshire, North Carolina, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia and Washington, D.C.

11. TD Bank, N.A. has had substantial control over Plaintiff's bank accounts.

12. At all times relevant, TD Bank N.A. maintained control, oversight and direction of Plaintiff's accounts including providing the privacy and confidentiality of Plaintiff's accounts and releasing information about the Plaintiff's accounts to third parties.

## GENERAL BACKGROUNDS ON CHECKING ACCOUNTS AND SAVING ACCOUNTS

13. Plaintiff brings this action on behalf of herself, and all similarly situated persons, who bank with, or have banked with TD Bank as a bank customer at any of TD Bank's locations in the United States.

14. Banks historically earned income from the differential in interest paid to account holders and what the banks were able to earn on the account holder's funds.

3

15. Financial companies chose how they share customer's information. Federal law gives consumers the right to limit some, but not all sharing of information. Federal law also requires banks to tell the consumer how they collect, share and protect personal information on each banking customer.

16. All of the information TD Bank collects on its customers are deemed confidential and private.

17. As part of TD Bank's regular business practice, TD Bank acknowledges that they can share their customer's private and sensitive and confidential banking records with third parties for marketing purposes, everyday business purposes and for their affiliates to market to bank customers.

18. TD Bank was aware, or should have been aware, that Federal Law gives consumers the right to limit the sharing of information and to notify the consumer's how the information is collected.

## TD BANK'S RELEASE OR SHARING OF PERSONAL INFORMATION

19. When Plaintiff opened her account(s) with a co-customer Plaintiff was under the impression and understanding that banking records are confidential and private, and include, but is not limited to account number, social security and income, account balance(s) and payment history.

20. On June 16, 2016 Defendant notified Plaintiff that they intended to release the private and confidential information in Plaintiff's account unless they were directed otherwise.

21. At this time, Plaintiff has no remedy at law, and as such, Plaintiff is requesting this court to limit the sharing of Plaintiff's personal and confidential information by requiring Defendants to require any third party seeking Plaintiff's private and confidential banking

4

information to enter into a confidential agreement that the third party will protect the information that TD Bank is providing them.

22. In the confidential agreement between TD Bank and the third party, the information provided by TD Bank will be designated as "Confidential" and will be treated as such in all use by third parties after its designation as "Confidential" according to the confidential agreement.

### FIRST CAUSE OF ACTION

23. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through twenty-two with the same force and effect as if more fully set forth and at length herein.

24. TD Bank's actions to release Plaintiff's confidential and private information to third parties without any limitation violates and costs Plaintiff's private information to be shared with third parties in violation of Federal Law and the Constitution of the United States.

### SECOND CAUSE OF ACTION

25. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through twenty-four with the same force and effect as if more fully set forth and at length herein.

26. The release and sharing of Plaintiff's personal and confidential information by TD Bank to third parties, is objectively unreasonable and in violation of Plaintiff's rights under United States Constitution.

## THIRD CAUSE OF ACTION

## PRAYER FOR RELIEF

27. Wherefore, Plaintiff prays for relief as follows:

(a) that they jury find and the court adjudge and decree that Plaintiff shall recover in the sum of $250,000.00against Defendant, TD Bank together with costs and interest if they release Plaintiff's private and confidential information to any third party without a signing confidential agreement.

(b) appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining TD Bank from releasing Plaintiff's private and confidential information to third parties without a signing a confidential agreement.

(c) such other and further relief as the court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*[signature]* 8/30/16

Phyllis Weitzman
98-5 Horace Harding Exp, #5K
Corona, NY 11368